## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BETTY SCHROEDER, | : | **CIVIL ACTION NO.:** |
| | : | |
| *Plaintiff*, | : | |
| vs. | : | |
| | : | |
| BIOTELEMETRY, INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendant*. | : | |

### COMPLAINT AND JURY DEMAND

**I.    PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Betty Schroeder ("Plaintiff Schroeder"), a former employee of Defendant, BioTelemetry, Inc., who has been harmed by the Defendant's discriminatory employment practices.

2.      This action is brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. and the New Jersey Law Against Discrimination, ("NJLAD"), N.J. Stat. §10:5-1 et seq.

**II.    JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Schroeder's claim is substantively based on the ADEA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Schroeder's claim arising under the NJLAD.

1

5.      All conditions precedent to the institution of this suit have been fulfilled. On August 31, 2015,  a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

6.      Plaintiff Schroeder has satisfied all other jurisdictional prerequisites to the maintenance of this action.

III.    **PARTIES:**

7.      Plaintiff, Betty Schroeder ("Plaintiff Schroeder"), is a sixty-two (62) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 419 Walker Avenue, Penndel, Pennsylvania 19047.

8.      Defendant, BioTelemetry, Inc., is a corporation maintaining a place of business located at 275 Phillips Boulevard, Ewing, New Jersey 08618.

9.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

IV.     **STATEMENT OF FACTS:**

10.     Plaintiff Schroeder, a sixty-two (62) year old Caucasian female, was employed by the Defendant from in or about March of 2004 until on or about November 4, 2013, the date of her unlawful termination.

11.     At the commencement of her employment, Plaintiff Schroeder held the position of Pacemaker Technician.  In or about March of 2007, the Defendant promoted Plaintiff Schroeder

2

to the position of Supervisor of Technical Services/Pacemaker Department. At all times, Plaintiff Schroeder maintained an exemplary job performance rating in said capacities.

12.     Upon said promotion, Eileen Miller ("Miller"), Director of Technical Services, became Plaintiff Schroeder's immediate supervisor.

13.     On or about November 4, 2013, Miller terminated Plaintiff Schroeder's employment without explanation.

14.     Notably, Plaintiff Schroeder was the oldest Supervisor employed within the Defendant's Technical Services Department. By way of explanation, the other Supervisors were Chris Morrin ("Morrin"), twenty-four (24); A.J. Patel ("Patel"), in his twenties (20s); Airen Hess ("Hess"), twenty-three (23); Kelly Muffett ("Muffett"), in her thirties (30s); Andrew Albany ("Albany"), in his thirties (30s); Ricardo St. Jean ("St. Jean"), in his thirties (30s); and Mellisa Zielinski ("Zielinski"), in her twenties (20s).

15.     Interesting, several of these younger, similarly-situated employees had already received formal discipline from the Defendant on multiple occasions, including, but not limited to, Hess. Upon information and belief, however, Miller did not terminate the employment of any of these other younger, similarly situated Supervisors.

16.     On or about November 4, 2013, during said meeting with Miller, Plaintiff Schroeder asked Miller to explain why the Defendant was terminating the employment of Plaintiff Schroeder. In response, Miller stated that, "When people above you tell you what to do, you just do it," implying that Miller's superiors ordered Plaintiff Schroeder's termination. Notably, Miller failed to produce any other reason for Plaintiff Schroeder's termination.

3

17. Curiously, the Defendant then sent Plaintiff Schroeder a letter, dated November 4, 2013, in which the Defendant attempted to attribute the unlawful termination to "Mednet's increasing expenses."

18. Plaintiff Schroeder believes and avers that no legitimate business reason existed for the termination of her employment and that the Defendant in fact terminated Plaintiff Schroeder's employment on the basis of her age.

<u>**COUNT I**</u>
**(ADEA - Age Discrimination)**
<u>**Plaintiff Schroeder v. the Defendant**</u>

19. Plaintiff Schroeder incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

20. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Schroeder to discrimination on the basis of her age, constituted a violation of the ADEA.

21. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Schroeder sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

22. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Schroeder suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

4

## COUNT II
### (NJLAD - Age Discrimination)
#### Plaintiff Schroeder vs. the Defendant

23.     Plaintiff Schroeder incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth at length herein.

24.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Schroeder to discrimination on the basis of her age, constituted a violation of the NJLAD.

25.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Schroeder sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

26.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Schroeder suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### PRAYER FOR RELIEF

27.     Plaintiff Schroeder incorporates by reference paragraphs 1 through 26 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Schroeder requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.      Defendant compensate Plaintiff Schroeder with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b.      Defendant compensate Plaintiff Schroeder with an award of front pay, if appropriate;

c.      Defendant pay to Plaintiff Schroeder punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Schroeder pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.


## JURY DEMAND

Plaintiff Schroeder demands trial by jury.

**SIDNEY L. GOLD & ASSOCIATES, P.C.**

By:      _____
/s/ Sidney L. Gold, Esquire SG 1387
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

Dated:      November 2, 2015

6

a.     Defendant compensate Plaintiff Schroeder with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b.     Defendant compensate Plaintiff Schroeder with an award of front pay, if appropriate;

c.     Defendant pay to Plaintiff Schroeder punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendant pay to Plaintiff Schroeder pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.


**JURY DEMAND**

Plaintiff Schroeder demands trial by jury.


SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    /s/ Neelima Vanguri, Esquire
       NEELIMA VANGURI, ESQUIRE
       I.D. No.: 306996
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       **Attorney for Plaintiff**

Dated:      November 2, 2015

6

VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct
to the best of my knowledge, information and belief.

DATE: 10/30/15

_____
Betty Schroeder, Plaintiff